UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                    CASE NO.: 16-10825-BKC-RBR
                                                          CHAPTER 11

**BEYOND GROUP, LLC**

    Debtor.

_____/

**HARKHAM SHIPPING, LLC'S EMERGENCY MOTION FOR CLARIFICATION
REGARDING THIS COURT'S JULY 8, 2016 RULING GRANTING TRUSTEE'S
EMERGENCY MOTION TO TURNOVER CUSTODY AND POSSESSION OF VESSEL TO
<u>AUXILIAR ALMA BULK AIE, S.A.</u>**

Harkham Shipping, LLC ("Harkham"), by and through undersigned counsel, hereby files this Emergency Motion for Clarification Regarding this Court's Ruling Granting Trustee's Emergency Motion to Turnover Custody and Possession of Vessel, specifically the vessel known as M/V Maraton [IMO No. 7529330, Flag: Togo] (the "Vessel"), to Auxiliar Alma Bulk AIE, S.A. ("Auxiliar") (the "Order"), and as good cause states:

1.      On July 1, 2016, the Trustee filed an Emergency Motion to Turnover Custody and Possession of Vessel to Auxiliar, because, *inter alia*, the Vessel is not insured, the Vessel continues to accrue dockage fees at Harkham facilities on Miami River, and because the Debtor refuses to agree to a Proposed Joint Plan whereby the Trustee will sell the Vessel to Auxiliar.

2.      Thereafter, Harkham filed its Motion for Payment of Administrative Expenses to ensure that the Trustee's Emergency Motion would not effectively extinguish Harkham's maritime lien right  and ability to collect its unpaid dockage expenses.

3.      At a hearing on both motions on July 8, 2016, the Court granted the Trustee's Emergency Motion, reserved ruling on Harkham's Motion for Payment, and ordered that custody and possession of the Vessel be turned over to Auxiliar.

4.      After the hearing, Harkham was advised by the Coast Guard that the Vessel had been arrested on January 14, 2016, as its condition represents an unnecessary risk to the port, vessel and environment, and therefore could not be moved from its presently docked location, and that it would be a violation of federal criminal law to allow it to be moved. Harkham was supplied with the Coast Guard's Captain of the Port Order 5795711 (the "COTP Order") and Amendment 1 to COTP Order, copies of which are annexed hereto as **Composite Exhibit A**.

5.      Now, immediately after becoming informed of the situation, Harkham is bringing this situation to the Court's attention, and requesting further instruction regarding same.

6.      Harkham is not seeking to interfere with this Court's July 8, 2016 ruling, however, as a result of this Court's July 8, 2016 ruling, Harkham is now faced with a Hobson's choice: either violate this Court's July 8, 2016 ruling, subjecting it to potential sanctions for contempt of court, which could include fines and imprisonment, or violate the Coast Guard's COTP Order, subjecting it to potential fines and imprisonment. *See* Composite Exhibit A.

7.      Under 11 U.S.C. § 362(b), the automatic stay does not bar the commencement or continuation of a criminal action or proceeding. *In re Burgess*, 503 B.R. 154, 156 (Bankr. M.D. Fla. 2014). Further, the bankruptcy court should not interfere with a valid exercise of the government's police power, and cannot order that the trustee take any action in contravention

of regulations designed to protect public health or safety from identified hazards. *See In re Union Golf of Florida, Inc.*, 242 B.R. 51 (Bankr. M.D. Fla. 1998); *see also In re Cousins Restaurants, Inc.*, 11 B.R. 521 (Bankr. W.D.N.Y. 1981); *Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494 (1986).

8.    The Coast Guard's pending investigation has determined that the Vessel, should it be moved in its current condition, poses a threat to public safety, and ordered that it remain in place pending further written order of the Coast Guard.

9.    Further, the Coast Guard requested that Harkham provide 24 hour surveillance of the Vessel to ensure that it is not moved from where it is presently docked, which would cost an estimated $2,000.00 per week.

10.    Because the Court was not previously advised of the Coast Guard's position, this Court's July 8, 2016 ruling is in direct conflict with the Coast Guard's COTP Order, and further directs the Trustee and Auxiliar to take actions in contravention of the Coast Guard's COTP Order, which was made pursuant to regulations designed to protect public safety.

11.    Pursuant to 33 C.F.R. § 160.113(a):

Each District Commander or Captain of the Port may prohibit any vessel, subject to the provisions of chapter 37 of Title 46, U.S. Code, from operating in the navigable waters of the United States, or from transferring cargo or residue in any port or place under the jurisdiction of the United States, and within the district or zone of that District Commander or Captain of the Port, if the District Commander or the Captain of the Port determines that the vessel's history of accidents, pollution incidents, or serious repair problems creates reason to believe that the vessel may be unsafe or pose a threat to the marine environment.

12.    Further, pursuant to 33 C.F.R. § 160.105, "each person who has notice of the terms of [a COTP Order] issued under this subpart must comply with that order." Accordingly,

STOK FOLK + KON

18851 NORTHEAST 29th AVENUE, SUITE 1005 • AVENTURA, FLORIDA 33180 • P: (305) 935-4440 • F: (305) 935-4470 • e-mail: service@stoklaw.com

Harkham is bound by both the COTP Order ordering that the Vessel remain in place, and this Court's July 8, 2016 ruling ordering the opposite.

13.     Accordingly, Harkham requires further clarification of this Court's July 8, 2016 ruling and further instruction regarding how to proceed as pertains to the Vessel.

## STATEMENT OF EXIGENCY

For the reasons set forth above, Harkham believes it is necessary that the requested relief be granted on an expedited basis so as to protect Harkham from any potential liability that may arise as a result of violating Captain of the Port Order 5795711, as well as to ensure that the public safety is protected by the Coast Guard's Orders, as well as to enable the Court to carry out its unflagging duties consistent with the foregoing.

**WHEREFORE**, Harkham Shipping, LLC, respectfully requests that this Honorable Court enter an order clarifying its July 8, 2016 ruling and providing further instruction in light of the Coast Guard's Orders, as described more fully herein.

[CERTIFICATE OF SERVICE IS ON THE FOLLOWING PAGE]

STOK FOLK + KON

18851 NORTHEAST 29th AVENUE, SUITE 1005 • AVENTURA, FLORIDA 33180 • P: (305) 935-4440 • F: (305) 935-4470 • e-mail: service@stoklaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 8, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system and was served via electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case. Endeavoring to enable the Coast Guard to reconcile its position with this Court, we have served a copy of this Motion on M.M. Dean, Captain of the U.S. Coast Guard, at facsimile number (305) 535-8761, and we respectfully request that the Coast Guard appear in this matter so that it may advise the Court directly of its position regarding the foregoing.

Respectfully submitted,

Stok Folk + Kon
*Attorneys for Harkham*
18851 NE 29th Avenue, Suite 1005
Aventura, Florida 33180
TEL.: (305) 935-4440
FAX: (305) 935-4470

By: /s/ Robert A. Stok
ROBERT A. STOK, ESQ.
Florida Bar No. 857051
(rstok@stoklaw.com)
JOSEPH M. KAYE, ESQ.
Florida Bar No. 117520
(jkaye@stoklaw.com)

# COMPOSITE

# EXHIBIT A

**U.S. Department of**
**Homeland Security**

**United States**
**Coast Guard**



Commander
U. S. Coast Guard
Sector Miami

100 MacArthur Causeway
Miami Beach, FL 33139
Staff symbol: s
Phone: (305) 535-8701
Fax: (305) 535-8761

16710/16-0063
January 14, 2016

CAPTAIN OF THE PORT ORDER: 5795711

To Master, Owner, Agent, or Person in Charge

Vessel Name: MARATON          IMO Number: 7529330          Flag: Togo

On January 14, 2016, you were issued a Port State Control (PSC) Report of Inspection-Form B that listed deficiencies found onboard your vessel, including but not limited to: an inoperable fire pump, an out of service CO2 fixed fire-fighting system, and a fuel leak on the number one main generator. These conditions represent an unnecessary risk to the port, vessel, crew, and environment. As such, a Sector Miami PSC Officer must receive and accept a report from the Flag State Administration that provides a description of the deficiencies, verifies corrective action, and attests to the condition and proper operation of the vessel.

Your vessel is prohibited from cargo operations and shall remain in port until all items have been addressed. You must receive a written response from this office verifying that the corrective action is accepted before your vessel is cleared for any movement or operation.

Under 33 U.S.C. § 1232, failure to comply with this COTP Order may subject you to: (1) a civil penalty of $40,000 for each violation; or (2) imprisonment for up to 12 years, a $500,000 fine, or both. I am issuing this COTP Order without prejudice as to the initiation of civil penalty proceedings for any violations that may have previously occurred.

Should you be aggrieved by this decision, you may appeal within 30 days of receipt of this order to the Commander, Seventh Coast Guard District, Brickell Plaza Federal Building, 909 SE First Avenue, Miami, Florida 33131, in writing, via this office as provided in Title 46 Code of Federal Regulations, Subpart 1.03.

Sincerely,

M. C. LONG
Captain, U. S. Coast Guard
Alternate Captain of the Port, Miami

Received by: _____     Position: _____

Date: _____     Time: _____



**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Commander
U. S. Coast Guard
Sector Miami

100 MacArthur Causeway
Miami Beach, FL 33139
Staff symbol: s
Phone: (305) 535-8701
Fax: (305) 535-8761

16710/16-0622
July 08, 2016

AMENDMENT 1 TO CAPTAIN OF THE PORT ORDER 5795711

To Steve Mastorotoulos:

Vessel Name: MARATON          IMO Number: 7529330          Flag: Togo

On July 08, 2016, U. S. Coast Guard Sector Miami was notified that your vessel is in violation of the Minimum Safe Manning Certificate, as three crew members have abandoned the vessel. One of these members holds positions as the Captain and Ship's Security Officer. This condition represents an unnecessary risk to the port, vessel, and environment. Adequate manning for security and safety must be provided immediately onboard in accordance with the Minimum Safe Manning Certificate.

You must receive a written response from this office, verifying that the corrective action is adequate and accepted. All other requirements of Captain of the Port Order number 5795711 dated January 14, 2016 remain in full effect.

Under 33 U.S.C. § 1232, failure to comply with this Captain of the Port Order may subject you to penalties including: (1) a civil penalty of $40,000 for each violation; or (2) imprisonment for up to 6 years, a $500,000 fine, or both. I am issuing this Captain of the Port Order without prejudice as to the initiation of civil penalty proceedings for any violations that may have previously occurred.

Should you be aggrieved by this decision, you may seek reconsideration and follow the appeal processes provided under Title 33 Code of Federal Regulations, Section 160.7.

Sincerely,

M. M. DEAN
Captain, U. S. Coast Guard
Captain of the Port, Miami

Received by: _____     Position: _____

Date: _____     Time: _____